**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **No. 14-CR-4064-DEO** |
| vs. | **ORDER ACCEPTING REPORT AND RECOMMENDATION CONCERNING GUILTY PLEA** |
| VEANNA MAE HENRY, | |
| Defendant. | |

_____

## I. INTRODUCTION AND BACKGROUND

Before the Court is Magistrate Judge Leonard T. Strand's Report and Recommendation Concerning Guilty Plea (Docket No. 29).

On August 27, 2014, a six count Indictment (Docket No. 1) was filed in the above-referenced case. On February 26, 2015, Defendant Veanna Mae Henry entered a guilty plea to Counts 1-6 of the Indictment before United States Magistrate Judge Leonard T. Strand.

The Indictment charges:

**Count 1. Conspiracy to Distribute a Controlled Substance.** Between about December 2012 and September 2013, in the Northern District of Iowa and elsewhere, defendant Veanna Mae Henry, did knowingly and intentionally combine, conspire, confederate, and agree with persons known and unknown to the

Grand Jury, to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine which contained 5 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance within 1000 feet of the real property comprising a public playground or school, that is, Dale Street Park, Sioux City, Woodbury County, Iowa.

This was in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), 846, and 860(a).

**Count 2. Distribution of a Controlled Substance**. On or about August 6, 2013, in the Northern District of Iowa, defendant Veanna Mae Henry did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance within 1000 feet of the real property comprising a public playground or school, that is, Dale Street Park, Sioux City, Woodbury County, Iowa.

This was in violation of Title 21, United States Code, Sections 811(a)(1), 841(b)(1)(C), and 860(a).

**Count 3. Distribution of a Controlled Substance**. On or about August 14, 2013, in the Northern District of Iowa, defendant Veanna Mae Henry did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**Count 4. Distribution of a Controlled Substance**. On or about August 16, 2013, in the Northern District of Iowa, defendant Veanna Mae Henry did knowingly and intentionally distribute 5 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

**Count 5. Distribution of a Controlled Substance to a Person Under Age 21**. Between about December 2012 and September 2013, in the Northern District of Iowa and elsewhere, defendant Veanna Mae Henry, a person over eighteen years of age, knowingly and intentionally distributed a quantity of a mixture or substance containing a detectable

amount of methamphetamine, a Schedule II controlled substance, to K.T., a person under twenty-one years of age.

This was in violation of Title 21, United States Code, Sections 841(a) and 859.

**Count 6.  Use of a Person Under 18 Years of Age in Drug Operations**.  Between about December 2012 and September 2013, in the Northern District of Iowa and elsewhere, defendant Veanna Mae Henry, a person over eighteen years of age, knowingly and intentionally employed, hired, used, persuaded, induced, and enticed K.T., a person under eighteen years of age, to violate provisions of Title 21 of the United States Code, to wit:  aiding and abetting in the distribution of methamphetamine, (Title 21, United States Code, Sections 841(a)(1), and Title 18, United States Code, Section 2).[1]

---

[1]    The Court has conferred with the United States Attorney's Office to clarify the language contained in the Indictment (Docket No. 1) referencing Count 6.  Currently, the Indictment states:  (Title 21, United States Code, Section 841(a)(1) and 2).  The Court inquired for clarification and has been advised that the correct wording should read:  (Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2).  Because Count 6 is in violation of Title 21, United States Code, Section 861, and that is the code section the Defendant pled guilty to regarding Count 6, defendant's plea is not affected by the typographical error contained in the Indictment.  The Court only corrects the error for the record.

This was in violation of Title 21, United States Codes, Section 861.

The Report and Recommendation (Docket No. 29), states that there is not a plea agreement and recommends that defendant Veanna Mae Henry's guilty plea be accepted. Waivers of objections to Judge Strand's Report and Recommendation were filed by each party (Docket Nos. 31 and 32). The Court, therefore, undertakes the necessary review to accept defendant Veanna Mae Henry's plea in this case.

## II.   ANALYSIS

### A.   Standard of Review

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).   Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's

Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

As mentioned, waivers of objections to the Report and Recommendation have been filed, and it appears to the Court upon review of Magistrate Judge Strand's findings and conclusions that there are no grounds to reject or modify them.

**IT IS THEREFORE HEREBY ORDERED** that this Court accepts Magistrate Judge Strand's Report and Recommendation (Docket No. 29), and accepts defendant Veanna Mae Henry's plea of guilty in this case to Counts 1-6 of the Indictment (Docket No. 1).

**IT IS SO ORDERED** this 8th day of April, 2015.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa